# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 25-2099
Filed February 25, 2026

―――――――――――

**In the Interest of J.H., Minor Child,**

**B.W., Mother,**
Appellant.

―――――――――――

Appeal from the Iowa District Court for Mahaska County,
The Honorable Patrick McAvan, Judge.

―――――――――――

**AFFIRMED**

―――――――――――

Rebecca L. Petig of Bierman & Petig, P.C., Grinnell, attorney for appellant
mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Michael S. Fisher of Fisher Law Office, New Sharon, attorney and guardian
ad litem for minor child.

―――――――――――

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

A mother appeals termination of her parental rights to a child born in 2022. The putative father's rights were also terminated, but he does not appeal. So we focus on facts relating to the mother and the child. We reject the mother's best-interests claim and permissive-bond-exception argument and affirm termination of her parental rights.

## BACKGROUND FACTS AND PROCEEDINGS

The mother has struggled with a methamphetamine addiction and cycled through the juvenile-court system for more than a decade. In brief, the Iowa Department of Health and Human Services (HHS) has been periodically involved with the mother since 2015 when HHS received a report that the mother and her then-paramour were abusing substances while caring for children. In two different cases—both centering on substance abuse—four older children were removed and adjudicated as children in need of assistance (CINAs). The mother's parental rights to all four children were subsequently terminated.[1]

In May 2022, the child at issue was born; both the child and the mother tested positive for methamphetamine at birth. The mother admitted to using methamphetamine while pregnant. She entered treatment, and the child was left in her care. In August 2023, HHS received a report that the mother was caring for the child while under the influence of methamphetamine. The mother agreed to a safety plan and regular drug testing. After that safety plan

---

[1] Her rights to the three oldest children were terminated under Iowa Code section 232.116(1)(f) (2019). Her parental rights for the fourth child were terminated under section 232.116(1)(h).

fell through, the child was removed and adjudicated CINA the following March.

HHS instructed the mother to obtain a substance-abuse evaluation and follow subsequent recommendations, participate in drug testing when requested, and complete program services. An assessment determined the mother had severe methamphetamine use disorder. While the mother engaged in substance-abuse services, she received conflicting information as to the level of treatment required. Between February and August of 2024, the mother tested positive for methamphetamine four times, and on two of those occasions she was suspected of tampering with the test. In November, the mother refused a hair test and then three days later tested negative for substances in urine after violating the testing protocol. Despite this, HHS credited the mother's efforts toward bettering her mental health, seeking housing, working part-time, and participating in outpatient substance-abuse treatment; ultimately HHS recommended a six-month extension, which the court granted in December 2024.

A little more than a week after the court granted her a six-month extension, the mother admitted she had relapsed and used methamphetamine in November. The following February, she tested positive for methamphetamine from a hair test. She claimed this test detected her November use, allegedly because her hair grows slowly as a medical complication. In April, the mother failed to appear for a drug test, apparently arriving at the wrong time. A couple of days later, HHS instructed the mother to participate in another test, this time using a sweat patch. The mother tampered with the sweat patch minutes after it was applied by removing it, placing it on a pop bottle, freezing it for the duration of the testing period, and reapplying the patch moments before it was removed for analysis.

Despite the mother's effort to thwart this test, it still came back positive for methamphetamine.

In July, the mother was unsuccessfully discharged from outpatient substance-abuse treatment. In August, the mother attended a substance-abuse evaluation but failed to disclose the two positive drug tests she disputed. That same month, the mother disclosed to HHS that her financial situation had rapidly deteriorated: she had no income or savings, no means of transportation, and relied on community assistance for rent.

As for her relationship with the child, a social worker testified that the mother does a good job during her visits and there was never an issue with the mother's attendance. The social worker, a service provider, and the guardian ad litem (GAL) all reported that the mother loves the child and the two share a bond.

The child has lived with the same foster family since January 2025 and is bonded with them and well adjusted. Service workers have observed the child refer to the foster mother as "mommy." And the foster parents are open to adoption.

The county attorney, HHS, and the GAL all recommended termination of parental rights. The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g) and (h) (2025). And she appeals, which we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

## DISCUSSION

The mother argues terminating her parental rights is not in the child's best interests and the juvenile court erred in not applying the permissive bond exception. Because she does not dispute the grounds for termination, we

need not address them. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We take each of her arguments in turn.

### I.    Best Interests

For her best-interests claim, the mother highlights her progress toward housing and therapy and discounts the court's concern about her substance abuse. In our analysis, we give primary weight to the child's safety, the best placement for furthering long-term nurturing and growth, and the child's physical, mental, and emotional condition and needs. Iowa Code § 232.116(2). And on our review, we agree with the juvenile court that termination is in the child's best interests.

In short, the mother has prioritized her methamphetamine addiction over the child. Her struggle with addiction stretches back more than a decade, and her problems in this case echo the basis for termination of her parental rights to her other children. Since November 2024, the mother tested positive for methamphetamine (despite her effort at tampering), failed to test on four other occasions, and only tested negative once under suspicious circumstances. As the juvenile court noted, the mother "has been unable to go more than a few months without using methamphetamine." And while we commend the mother for making progress toward improving her mental health and housing, our case law makes clear that "unresolved, severe, and chronic drug addiction can render a parent unfit to raise children." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). "No parent should leave his small children in the care of a meth addict—the hazards are too great." *Id.* (citation omitted). And this record makes clear methamphetamine continues to dominate the mother's life. Meanwhile, the child is well-integrated into the foster parents' home. We affirm that termination is in the child's best interest.

## II. Permissive Bond Exception

In her petition on appeal, the mother makes passing references to her strong bond with the child. "[A]s we have held before, 'sprinkled mentions of an issue' are insufficient to raise legal claims for our consideration." *In re K.P.*, No. 23-1661, 2024 WL 260885, at *3 (Iowa Ct. App. Jan. 24, 2024) (citation omitted). But to the extent the claim is raised, we discern no basis for relief. The bond between mother and child does not outweigh the danger posed by the mother's longstanding methamphetamine addiction or the stability and safety afforded the child by termination and adoption. And so the mother failed in her burden to prove this exception by clear and convincing evidence. *See* Iowa Code § 232.116(3)(c).

**AFFIRMED.**